UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20739-CIV-HUCK/O'SULLIVAN

BLUE WATER MARINE SERVICES, INC.
D/b/a TOWBOAT U.S. SOUTH DADE,

    Plaintiff,

v.

*m/y Natalita III,* a 100-foot Azimut S.R.L.
Motor yacht, her engines, apparel and
appurtenances, *in rem; et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on the Defendant Santam Insurance, Ltd.'s Motion for Attorney's Fees (DE # 152, 8/28/08). The Honorable Paul Huck, United States District Court Judge for the Southern District of Florida, referred this matter to the undersigned pursuant to 28 U.S.C. § 636. Having carefully reviewed the parties' filings and applicable law, the undersigned recommends that the Defendant Santam Insurance, Ltd.'s Motion for Attorney's Fees (DE # 152, 8/28/08) be DENIED.

## BACKGROUND

On March 21, 2008, the plaintiff filed this action *in rem*. A warrant for the vessel was issued, and the vessel remained at the repair location with the repairer as the substitute custodian. An amended complaint was filed on May 5, 2008, which named All

Underwriters Subscribing to Cover Note JY416008X, including Santam Insurance Co., Ltd. as a defendant. Service was attempted on Santam via the law firm of Mendes & Mount, LLP. Santam filed a Motion to Dismiss based on insufficiency of process alleging that it is not part of Lloyd's of London, and, therefore, service on Mendes & Mount was insufficient. The Court reserved ruling on Santam's Motion to Dismiss. A bench trial was held in this matter by Judge Huck, and a Final Judgment was entered against the plaintiff on July 30, 2008 (DE # 146). The Court reserved jurisdiction over fees and costs.

## ANALYSIS

**Attorneys' Fees**

Generally, attorneys' fees are not recoverable in *in rem* admiralty actions. See Bradford Marine, Inc. v. M/V "Sea Falcon", 64 F.3d 585, 589 (11th Cir. 1995) (rejecting plaintiff's argument that the attorney's fee provision in the repair contract binds the vessel). In Bradford Marine, the Eleventh Circuit determined that attorneys' fees are not recoverable against the vessel in an *in rem* action to enforce a maritime lien for necessaries. Id.; see 46 U.S.C. §§ 31341-31342. "[W]hat is not furnished to fulfill a want of a ship cannot constitute repairs, supplies or services for which the ship can be held liable *in rem*." Id. (quoting 2 *Benedict on Admiralty* § 35, at 3-24 (7th ed. 1995)). The Eleventh Circuit explained that

> Bradford's argument that the attorney's fees in this case are properly charged against the *Sea Falcon in rem* can only succeed if the fees, which Bradford incurred as a result of retaining legal counsel to pursue a claim against the *Sea Falcon* and its owners, were (1) "necessaries" and (2) provided to the *Sea Falcon.*

2

Id.  The Eleventh Circuit found that the legal services were not "necessaries" because they were provided to Bradford Marine to help it pursue its case, rather than to assist the vessel avoid danger and to perform properly.  Here, likewise, Santam should not be entitled to recover its attorney's fees against the plaintiff.

Santam has failed to meet the high burden required for the recovery of attorney's fees due to the alleged bad faith conduct of the plaintiff.  See Cantieri Navali Riuniti v. M/V Skyptron, 802 F.2d 160 (5th Cir. 1986) (remanding the action to the district court because it failed to explain the factual basis for its determination that the defendant acted in bad faith or malice in opposing the plaintiff's claim).  Santam argues it is entitled to an award of attorney's fees based on the plaintiff's failure to serve Santam properly, plaintiff's improper joinder of Santam and the plaintiff's failure "to conduct its case in good faith against Santam."  The bad faith exception that allows the discretionary award of attorney's fees in admiralty is "'unquestionably [an] assertion[ ] of inherent power in the courts to allow attorneys' fees in particular situations, unless forbidden by Congress.'" Noritake Co. v. M/V Hellenic Champion, 627 F.2d 724 (5th Cir. 1980)[1] (quoting Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 259 (1975)); see Allapattah Services, Inc. v. Exxon Corp., 372 F. Supp. 2d 1344, 1373 (S.D. Fla. 2005) ("The Eleventh Circuit has explained 'that the key to unlocking the court's inherent power is a finding of bad faith.") (quoting Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998).  "Bad faith exists when the court finds that a fraud has been

---

[1] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

practiced upon it, or 'that the very temple of justice has been defiled,' or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order." Id. (quoting Chambers v. NASCO, 501 U.S. 32, 45 (1991)).  Santam has not made the requisite showing of bad faith to entitle it to recover attorney's fees in admiralty.  BLUE WATER'S cause of action was not dismissed for lack of subject matter jurisdiction.  Santam did not demonstrate that it could not be sued in Federal Court as the hull insurer under the case of Cresci v. Billfisher, 874 F.2d 1550 (11th Cir. 1989).  There is a good faith legal argument that Santam is a proper party to this action.  Santam claims that it should be awarded attorney's fees "not as costs, but as damages for having to attend trial and otherwise respond as a named party when BLUE WATER neither had a valid claim against SANTAM nor even intended to pursue its claim against SANTAM due to time restrictions, as the trial was to commence before any meaningful discovery could be had and before SANTAM had the capability to investigate or prepare any defense."  P. 6 of Santam's Motion for Attorney's Fees.  The undersigned finds that the plaintiff did not act in bad faith.  The district court reserved ruling on the Motion to Dismiss.  The undersigned further finds that the plaintiff's actions in this case did not constitute bad faith and Santam is not entitled to attorney's fees.

## RECOMMENDATION

In accordance with the foregoing Report and Recommendation, it is respectfully recommended that the Defendant Santam Insurance., Ltd.'s Motion for Attorney's Fees (DE # 152, 8/28/08) be DENIED.

The parties have ten (10) days from the date of receipt of this Report and

Recommendation within which to serve and file written objections, in any with the Honorable Paul Huck, United States District Judge.  Failure to file timely shall bar the parties from attacking on appeal the factual findings contained herein.  28 U.S.C. § 636(b)(1); <u>LoConte v. Dugger</u>, 847 F.2d 745 (11th Cir.  1988), <u>cert. denied</u>, 488 U.S. 958 (1988); <u>RTC v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).

     RESPECTFULLY SUBMITTED, in Chambers, at Miami, Florida, this 10th day of February, 2009.

                                      JOHN J. O'SULLIVAN
                                      UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Huck
All Counsel of Record