UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20739-CIV-HUCK/O'SULLIVAN

BLUE WATER MARINE SERVICES, INC.
D/b/a TOWBOAT U.S. SOUTH DADE,

     Plaintiff,

v.

*m/y Natalita III,* a 100-foot Azimut S.R.L.
Motor yacht, her engines, apparel and
appurtenances*, in rem; et al.,*

     Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on  the Defendants' M/Y Natalita III's

and Natalita III Limited's Motion for Attorney's Fees (DE # 154, 9/2/08) .  The Honorable

Paul Huck, United States District Court Judge for the Southern District of Florida,

referred this matter to the undersigned pursuant to 28 U.S.C. § 636.  Having carefully

reviewed the parties' filings and applicable law, the undersigned recommends that  the

Defendants' M/Y Natalita III's and Natalita III Limited's Motion for Attorney's Fees (DE #

154, 9/2/08) be GRANTED in part and DENIED in part in accordance with the following

Report and Recommendation.

## BACKGROUND

On March 21, 2008, the plaintiff filed this action *in rem* naming the M/Y Natalita

III as a defendant.  A warrant for the vessel was issued, and the vessel remained at the

repair location with the repairer as the substitute custodian. An amended complaint was filed on May 5, 2008, which added Natalita III Limited as a defendant.  On July 3, 2008, the defendants served an Offer of Judgment in the amount of $50,000.00 on counsel for the plaintiff, pursuant to Florida Statute § 768.79. The deadline to accept the offer of judgment was August 4, 2008.  On July 7, 2008, in a letter, counsel for the plaintiff asked defense counsel to withdraw the offer of judgment because plaintiff's counsel did not believe that  Florida Statute § 768.79 was applicable in admiralty actions.  The defendants served a second offer of judgment on July 11, 2008, in the amount of $100,00.00.  The second offer of judgment did not indicate that it replaced the first offer of judgment.  The plaintiff did not respond to the second offer of judgment.  A bench trial was held in this matter by Judge Huck, and a Final Judgment was entered against the plaintiff on July 30, 2008 (DE # 146).  The Court reserved jurisdiction over fees and costs.  In the instant motion the defendants seek $129,377.25 in fees for work done in this case since July 3, 3008, the date of their first offer of judgment, which is included in the $423,308.25 they seek for attorneys fees as a result of bad faith in conduct underlying litigation and bad faith in pursuit of its salvage claim.  In addition the defendant seeks $13,105.09 for expenses associated with the plaintiff's taking of the defendants' experts depositions, $39,288.24 that the defendants incurred in expert witness fees and expenses in defense of this litigation, and $22,087.66 in costs.

## ANALYSIS

### I. Attorneys' Fees

A. Offer of Judgment

The defendants claim they are entitled to attorney's fees in this matter in the amount of $129,377.25 for work done in this case since July 3, 3008, the date of their first offer of judgment, made pursuant to Florida Statute § 768.79.  The defendants contend that their offer of judgment was rejected by the plaintiff, when the plaintiff sent them a letter dated July 7, 2008, asking that the offer of judgment be withdrawn.[1] Florida Statute § 768.79 provides in part as follows:

> (1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer . . .

> \*        \*        \*        \*

> (6) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:

> (a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including

---

[1] The plaintiff argues that the defendants are not entitled to recover attorney's fees under Florida Statute § 768.79 because the statute is inapplicable in admiralty cases. The undersigned does not need to decide whether or not Florida Statute § 768.79 is applicable in admiralty cases, because the defendant is not entitled to attorney's fees under Florida Statute § 768.79.

> investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served . . .

Florida Statute 768.79.

The plaintiff argues that the defendants failed to provide the plaintiff with the requisite 30 days within which to respond to the offer of judgment, as required under the statute.  The first offer of judgment was dated July 3, 2008, and the second offer of judgment was dated July 11, 2008.  At the time the trial commenced, July 28, 2008, neither offer of judgment had expired.  The plaintiff argues that it did not reject either offer of judgment because neither offer expired prior to the trial commencing in this case.  The plaintiff further argues that the defendants' failure to comply with the 30 day rule makes the offer void.  The order setting trial for the two week period starting July 28, 2008, was entered on April 4, 2008.  The defendants knew that the trial was set for the two week calendar beginning July 28, 2008, and failed to timely provide the offer of judgment.  An offer of judgment "made less than thirty days before the commencement of trial, is insufficient to support an award of fees pursuant to section 768.79." Hanzelik v. Grottoli and Hudon Investment of America, Inc., 687 So.2d 1363, 1366 (Fla. 4th DCA 1997).  If two Offers of Judgment are made and both are rejected, the first Offer of Judgment remains in effect.  See Kaufman v. Smith, 693 So.2d 133, 134 (Fla. 4th DCA 1997).  The undersigned finds that the offers of judgment had not expired by the time the trial began.  The plaintiff did not reject either offer as the plaintiff merely requested the first offer be withdrawn and did not respond to the second offer of judgment.

B. Maritime Law

The defendants also request fees pursuant to general maritime law because the defendants claim the plaintiff acted in bad faith in conduct in the underlying litigation and in pursuit of its salvage claim.

I. Bad Faith in Conduct Underlying Litigation

Generally, attorneys' fees are not recoverable in *in rem* admiralty actions.  See Bradford Marine, Inc. v. M/V "Sea Falcon*",* 64 F.3d 585, 589 (11th Cir. 1995) (rejecting plaintiff's argument that the attorney's fee provision in the repair contract binds the vessel).  In Bradford Marine, the Eleventh Circuit determined that attorneys' fees are not recoverable against the vessel in an *in rem* action to enforce a maritime lien for necessaries. Id.; see 46 U.S.C. §§ 31341-31342.  "[W]hat is not furnished to fulfill a want of a ship cannot constitute repairs, supplies or services for which the ship can be held liable *in rem*."  Id. (quoting 2 *Benedict on Admiralty* § 35, at 3-24 (7th ed. 1995)). The Eleventh Circuit explained that

> Bradford's argument that the attorney's fees in this case are properly charged against the *Sea Falcon in rem* can only succeed if the fees, which Bradford incurred as a result of retaining legal counsel to pursue a claim against the *Sea Falcon* and its owners, were (1) "necessaries" and (2) provided to the *Sea Falcon.*

Id.  The Eleventh Circuit found that legal services were not "necessaries" because they were provided to Bradford Marine to help it pursue its case, rather than to assist the vessel to avoid danger and to perform properly.

The defendants have failed to meet the high burden required for the recovery of attorney's fees due to the alleged bad faith conduct of the plaintiff.  See Cantieri Navali

Riuniti v. M/V Skyptron, 802 F.2d 160 (5th Cir. 1986) (remanding the action to the

district court because it failed to explain the factual basis for its determination that the

defendant acted in bad faith or malice in opposing the plaintiff's claim).

The defendants claim they should recover fees because the plaintiff failed to

uphold the obligation of good faith and fair dealings under an oral maritime contract.

The court notes that the Motion to Dismiss Count I (Breach of Oral Contract) of the

counterclaim was granted prior to trial.

### ii. Bad Faith in Pursuit of its Salvage Claim

The defendants indicate that the plaintiff's exaggeration or misrepresentation of

the conditions at the time of salvage and the exaggerated demand for a salvage award

both demonstrate bad faith.  The undersigned notes that it does not appear that the

parties discussed maritime peril at the trial.  The undersigned further notes that in the

trial transcript, Judge Huck praised both sides for their conduct in this matter. The

defendants further indicate in the motion for fees that the plaintiff unreasonably failed to

settle as the plaintiff orally indicated it would be unwilling to settle this case for less than

$800,000.00.  As mentioned earlier, the offers of judgment set forth by the defendant

remained unanswered and did not expire by the time the district court held a trial in this

matter.  The defendants argue they are entitled to an award of attorney's fees based on

the plaintiff's failure to accept the reasonable settlement offers made by the defendants

and the plaintiff's unreasonableness in refusing to accept less than $800,000.00 to

settle the case.

The bad faith exception that allows the discretionary award of attorney's fees in

admiralty is "'unquestionably [an] assertion[ ] of inherent power in the courts to allow

6

attorneys' fees in particular situations, unless forbidden by Congress.'" Noritake Co. v. M/V Hellenic Champion, 627 F.2d 724 (5th Cir. 1980)[2] (quoting Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 259 (1975)); see Allapattah Services, Inc. v. Exxon Corp., 372 F. Supp. 2d 1344, 1373 (S.D. Fla. 2005) ("The Eleventh Circuit has explained 'that the key to unlocking the court's inherent power is a finding of bad faith.") (quoting Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998).  "Bad faith exists when the court finds that a fraud has been practiced upon it, or 'that the very temple of justice has been defiled,' or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order." Id. (quoting Chambers v. NASCO, 501 U.S. 32, 45 (1991)).

The defendants argue they are entitled to recover attorney's fees due to the plaintiff's exaggeration or misrepresentation of conditions at the time of salvage.  The defendants state that during the trial in this case, the plaintiff's captain indicated that the plaintiff did not present the written salvage agreement, explain the services to be provided, or provide an amount of compensation sought, because there was no time to do so due to the great peril of the vessel.  The Court found during trial that the plaintiff should have presented a salvage contract.  The plaintiff argues that the Court assumed maritime peril existed at the time the subject services were rendered and that the court did not allow any direct testimony to establish the existence of maritime peril.  At the

---

[2]In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

time of trial, the Court did not make any findings warranting the award of attorney's fees

for these actions.

The defendants have not made the requisite showing of bad faith to entitle them

to recover attorney's fees in admiralty.  The defendants have not demonstrated that the

plaintiff's failure to respond to the defendants' offers of judgment constitute bad faith,

nor that the captains actions at the time of salvage constitute bad faith.  The offers of

judgment did not expire prior to the trial held by the district court in this matter, and

there was no direct testimony to establish maritime peril.  The undersigned finds that

the plaintiff's actions in this case did not constitute bad faith and the defendants are not

entitled to attorney's fees.

### C. Florida Statute §57.105 and Written Salvage Contract

The defendants also request attorney's fees pursuant to Florida Statute §

57.105(7) and the written salvage agreement.  Florida Statute § 57.105(7) provides the

following.

> (7) If a contract contains a provision allowing attorney's fees
> to a party when he or she is required to take any action to
> enforce the contract, the court may also allow reasonable
> attorney's fees to the other party when that party prevails in
> any action, whether as plaintiff or defendant, with respect to
> the contract. This subsection applies to any contract entered
> into on or after October 1, 1988.

Florida Statute § 57.105.

The salvage contract provided for attorney's fees "subject to the findings of any

arbitration".  There was no arbitration in this case.  The defendants's motion states on

page 46 in paragraph 5, that "[b]ecause the written salvage contract under which

Plaintiff proceeded at trial provides for attorney's fees to the Plaintiff in the event that it

prevails on an action to recover fees due pursuant to the contract, and because Florida law expressly provides for reciprocal attorney's fees in suits brought pursuant to contracts, this Court should award Defendants."  The contract clause calls for fees "subject to the findings of an arbitration."  There was no arbitration in this case and the trial Court found the written salvage contract void.  Accordingly, the defendants may not recover fees under Florida Statute §57.105 and the voided contract.

In accordance with the foregoing, the undersigned finds that the defendants are not entitled to recover attorney's fees in this matter and recommends that no fees be awarded to the defendants in this matter.

## II. Expert Witness Fees and Expenses

### A. Cost of Expert Depositions Pursuant to Federal Rule of Civil Procedure 26(b)(4)(C)

Under Federal Rule of Civil Procedure 26(b)(4)(C), the defendants seek reimbursement in the amount of $13,105.09 for expenses associated with the plaintiff's taking of the defendants' experts depositions.  The plaintiff noticed all six (6) of the defendants' experts for deposition (Anne McCarthy, Peter Gimpel, Mark Luther, Bryan Emond, Randy Coleman and Malcolm Elliott).  All of these depositions occurred.  On July 22, 2008, defense counsel sent plaintiff's counsel a letter requesting payment for the fees and expenses of the experts prior to trial.  The defendants attached four of the experts' invoices to the letter and later provided the fifth invoice.  Because Randy Coleman, the sixth expert, did not seek payment for his deposition expenses, the defendants are not asking for reimbursement for his deposition expenses.

The defendants are required to reimburse their experts for the expenses incurred

by these depositions and the plaintiff is required to reimburse the defendants pursuant

to 26(b)(4)(C).  Federal Rule of Civil Procedure 26(b)(4)(C)(I) provides:

> b) Discovery Scope and Limits.
>
> **(4) *Trial Preparation: Experts.***
>
> **(C)** *Payment.* Unless manifest injustice would result, the court must require that the party seeking discovery:
>
> **(I)** pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B);

Federal Rule of Civil Procedure 26.

Accordingly, the undersigned finds that under Federal Rule of Civil Procedure

the plaintiff must pay for the costs of these depositions and the defendant should be

awarded $13,105.09 for these depositions.

B. Expert Fees and Expenses Incurred by the Defendants' Experts

In addition to the expert expenses incurred by the defendants for the time spent

by their experts at their depositions taken by the plaintiff, the defendants' motion further

seeks $39,288.24 that the defendants incurred in expert witness fees and expenses in

defense of this litigation.  While the defendants are entitled to recover the expert fees

for the discovery depositions of the experts, the undersigned find that the defendants

are not entitled to recover the additional $39,288.24 they seek for the expert expenses

incurred by the defendants in defense of this litigation.  The undersigned finds that

Federal Rule of Civil Procedure do not extend to the other expenses incurred by the

defendants for their experts.  The defendants are not entitled to recover the $39,288.24

they seek for the expert expenses incurred by the defendants in defense of this

litigation.

10

### III. Costs

The defendants seek to recover $22,087.66[3] in costs pursuant to Federal Rule of

Civil Procedure 68 and Federal Rule of Civil Procedure 54.  In the instant Motion for

Fees and Costs, the defendants indicate that they also served an Offer of Judgment on

July 3, 2008, on counsel for the plaintiff, pursuant to Fed.R.Civ.P. 68.  Federal Rule of

Civil Procedure 68 provides the following.

> **(a) Making an Offer; Judgment on an Accepted Offer.**
> More than 10 days before the trial begins, a party defending against a
> claim may serve on an opposing party an offer to allow judgment on
> specified terms, with the costs then accrued. If, within 10 days after being
> served, the opposing party serves written notice accepting the offer, either
> party may then file the offer and notice of acceptance, plus proof of
> service. The clerk must then enter judgment.
>
> **(b) Unaccepted Offer.**
> An unaccepted offer is considered withdrawn, but it does not preclude a
> later offer. Evidence of an unaccepted offer is not admissible except in a
> proceeding to determine costs.
>
> **(c) Offer After Liability Is Determined.**
> When one party's liability to another has been determined but the extent
> of liability remains to be determined by further proceedings, the party held
> liable may make an offer of judgment. It must be served within a
> reasonable time—but at least 10 days— before a hearing to determine
> the extent of liability.
>
> **(d) Paying Costs After an Unaccepted Offer.**
> If the judgment that the offeree finally obtains is not more favorable than
> the unaccepted offer, the offeree must pay the costs incurred after the
> offer was made.

The defendants indicate that the deadline to respond to the July 3, 2008, Offer of

Judgment was July 14, 2008.  The actual deadline for the plaintiff to respond to the

---

[3] The total amount of costs requested on page two (2) of the Bill of Costs is
$2824.37, which seems to leave out the requested $40.00 witness fee for Jane
Fleming.  The first page of the Bill of Costs requests $2,864.75, which appears to
include the $40.00 requested witness fee for Jane Fleming.

Offer of Judgment was July 18, 2008.[4]  According to the motion, the plaintiff did not

respond to the July 3, 2008, Offer of Judgment.  On July 11, 2008, the defendants

served a second Offer of Judgment pursuant to Fed.R.Civ.P. 68.  The second Offer of

Judgment did not state it was intended to replace the July 3, 2008, Offer of Judgment.

According to the defendants the deadline to respond to the second Offer of Judgment

made Pursuant to Fed.R.Civ.P. 68, expired July 21, 2008.  Under the applicable rule, as

noted in footnote 4, the actual deadline to respond was July 25, 2008.  Federal Rule of

Civil Procedure 68 does not provide for the recovery of attorney fees.  Rule 68 does

provide for the recovery of costs and the defendant is entitled to reimbursement of any

costs incurred after the Offer of Judgment was made.  Rule 68 costs are limited to

those costs allowed under 28 U.S.C. §1920 and Federal Rule of Civil Procedure 54.

The costs the defendant is entitled to pursuant to Federal Rule of Civil Procedure 68

are included in the costs requested pursuant to Federal Rule of Civil Procedure 54 and

are analyzed below.

### Rule 54 Costs and Section 1920

The defendants submitted a bill of costs in support of the cost request.  Pursuant

to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorneys'

fees shall be allowed as of course to the prevailing party unless the court otherwise

directs."  "A 'prevailing party' for purposes of Rule 54(d), is a party in whose favor

judgment is rendered . . . this means the party who won at trial level, whether or not that

---

[4] Under Federal Rule of Civil Procedure 6, Saturdays, Sundays and legal holidays are not counted when the amount of time is less than 11 days.  July 4, 2008, was a legal holiday.  July 5, 2008, July 6, 2008, July 12, 2008 and July 13, 2008 were Saturdays or Sundays.

party prevailed on all issues, and regardless of the amount of damages awarded."   See

All West Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co., 153 F.R.D. 667,

668-69 ( D. Kan. 1994).     The defendants are the prevailing party in this case.   The

court entered a Final Judgment against the plaintiff on July 30, 2008, (DE # 146),  and,

therefore, the defendants are entitled to receive all costs recoverable under 28 U.S.C. §

1920.   A court may only tax those costs which are specifically authorized by statute.

See  Crawford Fitting Co.  v.  J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).  Specific

costs which may be awarded are set forth in 28 U.S.C. § 1920, which states as follows.

A judge or clerk of any of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts
> necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies
> of any materials where the copies are necessarily obtained
> for use in the case;
> (5) Docket fees under § 1923 of this title;
> (6) Compensation of court appointed experts, compensation
> of interpreters, and salaries, fees, expenses, and costs of
> special interpretation services under § 1828 of this title.

28 U.S.C. §1920.  Generally, "the trial court in the exercise of a [sic] sound discretion

may tax all reasonable expenses incurred by a prevailing party under the ... headings

listed in §1920 and under Rule 54(d)."  Principe v. McDonald's Corp., 95 F.R.D. 34, 36

(E.D. Va. 1982).

The defendants may not recover costs under Federal Rules of Civil Procedure

54(d) unless those costs are permitted under 28 U.S.C. §§ 1821 or 1920.  The taxation

of costs permitted by 28 U.S.C. §§ 1821 and 1920 is left to the discretion of the court.

Trammell Rest Estate Corp. v. Trammell, 748 F.2d 1516 (11th Cir. 1984). See Cullens

v. Georgia Dept. of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994).

A. Fees of the Clerk and Marshal

The defendants seek $80.00 for the fees associated with the process server for service of process of the counterclaim on the plaintiff. The defendants further seek reimbursement in the amount of $70.00 for the process server for service of a subpoena on the trial witness Morgan Ferrell. The undersigned finds that these costs are reasonable and are permitted under 28 U.S.C. § 1920(1). Accordingly, the undersigned recommends that the defendants be awarded **$150.00** for costs associated with the fees of the clerk and marshal.

B. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case

The defendants seek $13,412.82 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case. The defendants motion lists 20 transcripts for which they seek reimbursement in this matter. Two of these transcripts (the transcript of a hearing held on July 14, 2008, and the transcript of the Court's Oral Findings of Fact and Conclusions of Law), do not list a monetary amount, therefore, the undersigned declines to recommend any award associated with the two aforementioned transcripts.

The plaintiff objects to the transcripts of Bryan Emond ($702.90), Malcolm Elliott ($1,143.00), Randy Coleman ($217.90), Jane Fleming ($772.60), Anne McCarthy ($723.60), Mark Luther ($279.70), Peter Gimpel ($738.40), Kevin Hoover (one-third of the $1,482.00 charge - Hoover's deposition was listed in the motion with the depositions of Todd Seeds and Andy Avins as taken on the same day and one charge - $1,482.00 -

14

for all three depositions), Joel Sparrow ($568.00), Robert Carmuccio ($532.80), Ryan

Moore ($784.00), Lee Branscome ($517.20), Amanda Bourque ($555.80) and the

transcripts of the May 27, 2008, ($175.00) because these transcripts were not

necessary for use at trial.  The defendants argue that they are entitled to all these

transcript costs because there is no requirement that a witness be present at trial for

the transcript to be necessary for use in the case.  The trial in this matter was bifurcated

for the Court to determine the issue of the existence of an oral contract.  It may have

been necessary for the trial to continue if the Court's determination on this issue had

been different.  The defendants listed their experts on the witness list in the Joint

Pretrial Stipulation.  Page 7, paragraph 4 of the defendants' reply indicates that the

defendants planned on calling their experts "at trial if the court's decision on the

bifurcated issue of the existence of an oral contract rendered it necessary for the trial to

continue after resolution of that issue."

The defendants note on page 7, paragraph 5 of the defendants' reply that

"Defendants were required to prepare for direct and cross-examination of all witnesses

listed on Plaintiff's and Defendants' Witness Lists contained in the Joint Pretrial

Stipulation".  The undersigned finds that the deposition transcripts for which costs are

requested were necessarily obtained for use in the case.  See EEOC v. W&O, Inc.,

213 F. 3d 600, 620 (11th Cir.  2000).  The cost of a deposition transcript not used at

trial may be recovered if, at the time the deposition was taken, the deposition was

thought to be necessary for the case.  See National Bancard Corp. v. Visa, U.S.A., Inc.,

112 F.R.D. 62, 66 (S.D. Fla. 1986).  Because the defendants planned on calling their

experts if it was necessary for the trial to continue after the determination of the

existence of a contract and because the defendants were required to prepare for the direct and cross-examination of the witnesses, the undersigned finds that the defendants may recover these costs as the transcripts were necessarily obtained for use in the case.  Accordingly, the undersigned recommends that the defendants be awarded **$13,412.82** for costs associated with fees for printed or electronically recorded transcripts necessarily obtained for use in the case.

C.  Fees and Disbursements for Witnesses

The defendants request $2,864.75 for costs associated with witnesses, which is the sum of $973.47 for costs associated with Jane Fleming[5], $945.45 for the costs associated with Joseph Pearce, and $945.45 for the costs associated with David Ehnes.  More specifically, the defendants request a $40.00 witness fee, $216.40 for airfare, $174.11 for hotel, and $542.96 for hotel for Jane Fleming.  For Joe Pearce and Dave Ehnes, the defendants request a $40.00 witness fee for each of them ($80.00 total), $434.05 for airfare for each of them ($868.10 total), a shared rental car expense of $281.37, and a hotel expense of $661.81.

The plaintiff argues that the defendants are not entitled to the travel expenses for Jane Fleming, because she was designated as the corporate representative for the Natalita, III, Ltd. as the person with the most knowledge as to the defendant's counter-claim, and the defendants dismissed their counter-claim.  The plaintiff argues that the defendants are not entitled to recover the travel expenses associated with Joe Pearce

---

[5] The itemized total requested for Jane Fleming is $933.47, but when you add the amounts requested for her together - $40.00 for Attendance, $174.11 for Subsistence, and $759.36 for Mileage - the total is actually $973.47.

and Dave Ehnes because, as noted by the defendants in their motion a non-party paid these expenses -not the defendant.

The undersigned agrees that the defendants are not entitled to recover the travel expenses for these three witness.  Moreover, the defendant is not entitled to recover a witness fee for the corporate representative.  The defendants are entitled to recover the $40.00 witness fee for each of the other two witnesses.  Accordingly, the undersigned recommends that the defendants be awarded **$80.00** for costs associated with the fees and disbursements for witnesses.

D. Fees for Exemplification and the Costs of Making Copies of Any Materials Where the Copies are Necessarily Obtained for Use in the Case

The defendants request $5,660.09 for costs associated with fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.  The plaintiff argues that the defendants do not present an adequate explanation as to why these copies were necessarily obtained for use in this case and that the $0.25 charged per in house copy is unreasonable.  The defendants provided detailed descriptions of their copying costs.  The plaintiff has not refuted this description.  The defendants request $0.25 for each copy made by their law firm.  A charge of $0.10 is reasonable for in house copies.  The defendants' request for 7,373 in house copies at $0.25 per copy is reduced to 7,373 copies at $0.10 per copy for a total in house copy award of $737.30.  Accordingly, the undersigned recommends that the defendants be awarded **$4,519.43** for costs associated with the fees for exemplification and the costs of making copies of any materials where the copies are

17

necessarily obtained for use in the case.

## RECOMMENDATION

In accordance with the foregoing Report and Recommendation, it is respectfully recommended that the Defendants' M/Y Natalita III's and Natalita III Limited's Motion for Attorney's Fees (DE # 154, 9/2/08) be GRANTED in part and DENIED in part and the defendants be awarded no fees, expert deposition costs in the amount of $13,105.09 and costs in the amount of $18,162.25 for a total award of $31,267.34.

The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, in any with the Honorable Paul Huck, United States District Judge.  Failure to file timely shall bar the parties from attacking on appeal the factual findings contained herein.  28 U.S.C. § 636(b)(1); LoConte v. Dugger, 847 F.2d 745 (11th Cir.  1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED, in Chambers, at Miami, Florida, this 17th day of March, 2009.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Huck
All Counsel of Record

18