UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 08-20739-CIV-HUCK/O'SULLIVAN

BLUE WATER MARINE SERVICES, INC.
d/b/a TOWBOAT U.S. SOUTH DADE, a
Florida Corporation,

    Plaintiff,
vs.

*M/Y Natalita III*, a 100-foot Azimut S.R.L.
motor yacht, her engines, apparel, and
appurtenances, *in rem*; and SAGICOR
GENERAL INSURANCE (COMPANY)
LTD., *in personam*, et al.

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND REFERRING FOR FURTHER RECOMMENDATION IN PART

THIS CAUSE comes before the Court upon the Report and Recommendation of the Honorable John J. O'Sullivan, United States Magistrate Judge filed on March 17, 2009 (the "Report") [D.E. #181]. The Report addressed the Defendants *M/Y Natalita III* and Natalita III, Ltd.'s (collectively, the "Natalita Defendants") Motion for Attorney's Fees [D.E. #154], which Magistrate Judge O'Sullivan recommended be granted in part and denied in part. Magistrate Judge O'Sullivan recommended that the Natalita Defendants: (i) are not entitled to attorney's fees and (ii) are entitled to an award of expert deposition costs in the amount of $13,105.09 and costs in the amount of $18,162.25. The Plaintiff Blue Water Marine Services, Inc. ("Blue Water") and the Natalita Defendants both filed objections thereto and responses to the other parties' objections. The Natalita Defendants objected to the recommendation that they should not be awarded attorney's fees. The Report provided three reasons for recommending that the Natalita Defendants were not entitled to

attorney's fees: (1) the offers of judgement required for an award of attorney's fees under Florida Statute § 768.89 were not timely made; (2) the Natalita Defendants did not meet the requirements of Florida Statute §57.105, which allows for attorneys fees pursuant to certain contract provisions, because the salvage contract only provided for attorney's fees "subject to the findings of any arbitration;" and (3) the Natalita Defendants have not made the requisite showing of bad faith to entitle them to recover attorney's fees in admiralty.

The Court having reviewed *de novo* the Natalita Defendants' objections, the Plaintiffs objections, the Report, the record, and being otherwise duly advised, this Court agrees with the Report with respect to the recommendation of the award expert deposition costs in the amount of $13,105.09 and costs in the amount of $18,162.25. The Court also agrees with the Report that attorney's fees are not available pursuant to Florida Statute § 768.89 or §57.105. The Court, however, disagrees with the Report in so far as it recommends that the Natalita Defendants have not made the requisite showing of bad faith to entitle them to recover attorney's fees. Upon review of the Plaintiff's behavior at the time of salvage and during the litigation, the Court finds that the Natalita Defendants are entitled to attorney's fees and refers this matter back to Magistrate Judge O'Sullivan for a recommendation on the appropriate amount of attorney's fees.

**I.  Attorney's Fees Not Available Pursuant to Fla. Stat. § 768.89**

The Natalita Defendants seek $129,377 in attorney's fees for work done since July 3, 3008, the date of their first offer of judgment, which is included in the $423,308.25 total requested attorney's fees. The Natalita Defendants served two offers of judgment on the Plaintiffs, one on July 3, 2008 and one on July 11, 2008. Magistrate Judge O'Sullivan found that the offers of judgment were untimely for the purpose of awarding attorney's fees. Both of Defendants' offers were submitted less than 30 days prior to the July 28, 2009 trial date. The Plaintiff did not reject either

offer, but did request that the first offer be withdrawn and did not respond to the second offer of judgment.

The Court agrees with the Report's conclusion that these offers were untimely and may not serve as the basis for an award of attorney's fees pursuant to Fla. Stat. § 768.79. An offer of judgment that does not provide the offeree a full 30 days prior to trial within which to accept it does not comply with Fla. Stat. § 768.79 and therefore may not serve as the basis for an award of costs or attorney's fees. *Hanzelik v. Grottoli & Hudon Inv. of Am.*, 687 So. 2d 1363, 1366 (Fla. Dist. Ct. App. 1997). In interpreting the statute to require a full 30-day notice period, the Fourth District Court of Appeals noted that, "[t]his rule does not prevent an offeree from actually accepting an untimely offer and avoiding trial; it merely prevents the offer from later serving as the basis for an award of costs and attorney's fees under the statute." Therefore, the Report's conclusion that attorney's fees are not available pursuant to Fla. Stat. § 768.79 is affirmed.

## II. **Attorney's Fees are Not Available Pursuant to the Written Salvage Contract**

The Report is also affirmed in its conclusion that the Natalita Defendants can not be awarded attorneys fees pursuant to Fla. Stat. § 57.105(7) and the written salvage agreement. A plain language reading of the salvage contract provided for attorney's fees "subject to the findings of any arbitration" There was no arbitration in this case. Furthermore, at trial, the salvage contract was found to be void. Accordingly, the Report's conclusion that the Natalita Defendants may not recover fees under Florida Statute §57.105 is affirmed.

## III. **Attorney's Fees May be Awarded in Maritime Actions**

The Report also recommended denying the Natalita Defendants' request for fees pursuant to general maritime law because attorney's fees are generally not recoverable in *in rem* actions and

the Natalita Defendants "failed to meet the high burden required for the recovery of attorney's fees due to the alleged bad faith conduct of the plaintiff." Report, p. 5. The Report is correct that, generally, attorneys' fees are not recoverable in *in rem* admiralty actions. See *Bradford Marine, Inc. v. M/V "Sea Falcon"*, 64 F.3d 585, 589 (11th Cir. 1995). An action to recover a salvage award, like this action, is an *in rem* admiralty action. *Offshore Marine Towing, Inc. v. MR23*, 412 F.3d 1254, 1256 (11th Cir. Fla. 2005) (dismissing plaintiff's attempt to distinguish *Bradford* on the ground that it involved a lien for necessaries, and finding that "there is no basis to limit the reasoning of *Bradford* to *in rem* actions for a maritime lien for necessaries. A maritime action *in rem* for salvage, including contract salvage, is also a suit to enforce a lien."). However, there is an exception to the rule barring attorney's fee awards when the losing party has acted in bad faith or vexatiously in the salvage action itself or in the litigation of the dispute. *Id.*

The Court has broad discretion to award attorney's fees when a party has behaved in bad faith. *Southernmost Marine Servs*, 250 F. Supp. 2d at 1380-1. In determining whether a party has acted in bad faith, such that a court should exercise it's discretion to award attorney's fees and costs, courts have considered the necessity for the litigation and the trial upon the issues raised. *Southernmost Marine Servs*, 250 F. Supp. 2d at 1381. Courts have awarded attorneys fees in cases where "it was clear that the defendants had little, if any, basis for disputing the salvage award," but nevertheless brought the case to trial. *Southernmost Marine Servs. v. M/V Potential*, 250 F. Supp. 2d 1367, 1380-81 (S.D. Fla. 2003). Here, the Natalita Defendants argue that they are entitled to recover attorney's fees due to (i) the Plaintiff's exaggeration or misrepresentation of conditions at the time of salvage and (ii) the Plaintiff's failure to respond to the Natalita Defendants' offers of judgment. The Report found that neither of those factors reached the requisite level of bad faith; however, upon the Court's *de novo* review of the record, the Court finds sufficient evidence to

demonstrate that the Plaintiff acted in bad faith in this litigation. The Court notes that Magistrate Judge O'Sullivan did not have the benefit of presiding over the action and therefore was less familiar with the parties conduct and the facts of the case. At the trial, the Court found that the Plaintiff did not discuss or disclose the form salvage contract agreement until after the vessel was already towed off the reef. ( Trial Tr. 23.) Furthermore, the Court found that the Plaintiff did not discuss or disclose to the Natalita Defendants that it intended to treat the situation as a pure salvage situation and that it would be seeking compensation in accordance with general maritime law. (Trial Tr. 23.) The Court further found that there was adequate time to present the Natalita Defendant's representative with the salvage contract, and that the Plaintiff in fact should have done so. (Trial Tr. 24.)   The Court also noted that when the Plaintiff finally presented the Natalita Defendants with the salvage contract, it was done with the option of immediate signature or abandonment in a situation where the vessel would have been left without means of propulsion, in the late afternoon where the reef continued to carry a peril and where the actual damage to the boat was not known. (Trial Tr. 24.) Further, the Natalita Defendants presented the Plaintiff with two offers of settlement prior to trial. The Court finds that bringing a salvage claim on a contract that was presented after the time of salvage, without giving the Natalita Defendants the information known to the Plaintiff regarding their intent to treat the situation as a pure salvage situation, and that was only presented with the option of signature or putting the vessel in apparent peril, in conjunction with the Natalita Defendants' offers of judgment, which was substantially greater than the actual, and in the Court's view, any reasonable recovery, constitutes vexatious and unnecessary litigation behavior. The Court further finds, pursuant to its finding of bad faith, that the Natalita Defendants are therefore entitled to an award of attorneys' fees and costs for the litigation that proceeded after the date of the first offer of judgment.  Accordingly, this matter is referred back to Magistrate Judge O'Sullivan for a

recommendation as to the appropriate amount of attorneys' fees and costs to be awarded to the Natalita Defendants based on those findings.

Therefore, it is hereby ORDERED that the Report be ADOPTED IN PART and REMANDED IN PART. The Natalita Defendants are awarded expert deposition costs in the amount of $13,105.09 and costs in the amount of $18,162.25. Further, the portions of the Report recommending that attorney's fees may not be awarded in this case pursuant to Florida Statute § 768.89 or §57.105 is also adopted. The remaining issue of an award of attorney's fees pursuant to the Plaintiff's bad faith, is remanded to Judge O'Sullivan for a further consideration and a recommendation as to the appropriate amount of attorney's fees.

DONE in Chambers, Miami, Florida, this July 1, 2009.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Magistrate Judge John J. O'Sullivan
Counsel of Record