UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-20739-CIV-HUCK/O'SULLIVAN

BLUE WATER MARINE SERVICES, INC.
D/b/a TOWBOAT U.S. SOUTH DADE,
    Plaintiff,

v.

*m/y Natalita III,* a 100-foot Azimut S.R.L.
Motor yacht, her engines, apparel and
appurtenances*, in rem; et al.*,
    Defendants.
_____/

## CORRECTED REPORT AND RECOMMENDATION[1]

THIS MATTER comes before the Court upon remand from the Honorable Paul C. Huck, United States District Court Judge for the Southern District of Florida, for a recommendation regarding the appropriate amount of attorneys' fees to be awarded to the Defendants M/Y Natalita III and Natalita III, Ltd. (collectively, the "Natalita Defendants") as a result of the Plaintiff Blue Water Marine Services, Inc.'s ("Blue Water") bad faith and on Blue Water Marine Services, Inc.'s Objections to Magistrate's Report and Recommendation that was issued on December 3, 2009 (DE # 200, 12/21/09) which Judge Huck ruled should be considered a Motion for Reconsideration. Having carefully considered the motion, the response and reply thereto, the Objections being considered as a Motion for Reconsideration (DE # 200, 12/21/09), the response

---

[1]This Report and Recommendation corrects the Report and Recommendation issued on December 3, 2009, (DE # 199) and the amount of the recommended fee award for the fees incurred since July 3, 2008.

to the Objections being considered as a Motion for Reconsideration (DE # 203, 1/6/10), the Court file and the applicable law, the undersigned submits this Corrected Report and Recommendation and RECOMMENDS that the Defendants M/Y Natalita III's and Natalita III Limited's Motion for Attorney's Fees (DE # 154, 9/2/08), be GRANTED in part and DENIED in part as more fully described below.

## BACKGROUND

On March 21, 2008, Blue Water filed the instant action *in rem* naming the M/Y Natalita III as a defendant. On May 5, 2008, an amended complaint added Natalita III Limited as a defendant. The record indicates that the Natalita Defendants made two good faith Offers of Judgment in an attempt to settle the matter; on July 3, 2008, in the amount of $50,000.00, and on July 11, 2008, in the amount of $100,000.00. Blue Water requested the first offer be withdrawn and failed to respond to the second offer. A bench trial was held in this matter by Judge Huck, and a Final Judgment was entered against Blue Water on July 30, 2008 (DE # 146, 7/30/08). On September 24, 2008, Judge Huck referred this matter to the undersigned for determination of the entitlement of attorneys' fees as requested by the Natalita Defendants. On March 17, 2009, this Court issued a Report and Recommendation finding that the Natalita Defendants were not entitled to attorneys' fees (D.E. # 181). The undersigned did find that the Natalita Defendants were entitled to the reimbursement of an award of expert depositions costs in the amount of $13,105.09, and costs in the amount of $18,162.25 (DE # 178, 2/10/09). The undersigned recommended the Natalita Defendants be awarded costs only, not attorney's fees. In the Order Adopting Report and Recommendation in Part and Referring for Further Recommendation in Part

(DE # 188, 7/1/09) (hereinafter the "Order"), Judge Huck affirmed the Natalita Defendants' entitlement to the above-stated costs. Judge Huck remanded the matter to the undersigned to recommend the appropriate amount of attorneys' fees due to the Natalita Defendants because of Plaintiff Blue Water's behavior at the time of salvage and during the litigation. In their Motion for Attorney's fees and Incorporated Memorandum of Law (the "motion"), (DE# 154, 9/2/08), the Natalita Defendants contend they are entitled to recover attorneys' fees in the amount of $129,377.25[2] for legal services they incurred in connection with the litigation against Blue Water subsequent to July 3, 2008. After careful review and consideration of the evidence in the record, the undersigned makes the following recommendation.

## ANALYSIS

The Natalita Defendants seek to recover attorneys' fees in connection with their litigation against Blue Water arising out of Blue Water's bad faith behavior. In the Order dated July 1, 2009, the Court determined that "[u]pon review of the plaintiff's behavior at the time of salvage and during the litigation, the Court finds that the Natalita Defendants are entitled to attorney's fees . . . ." (DE # 188). This Court has recognized the entitlement of attorney's fees in admiralty cases where parties to the litigation "act in bad faith either in the salvage action itself or in litigation or arbitration of the dispute." Miami Yacht Divers, Inc. v. M/V ALL ACCESS, 2007 U.S. Dist. Lexis 63703, *11-12 (S.D. Fla. 2007) (citing Reinholtz v. Retriever Marine Towing & Salvage, 1994 WL

---

[2] The Report and Recommendation issued on December 3, 2009, inadvertently stated that the fees incurred since July 3, 2008, was $423,308.25.

930679, *2 (S.D. Fla. 1994)).

The Court found "sufficient evidence to demonstrate that the Plaintiff acted in bad faith in this litigation." (DE # 188, 7/1/09). Judge Huck found bad faith conduct by Blue Water because:

> [a]t the trial, the Court found that the plaintiff did not discuss or disclose the form salvage contract agreement until after the vessel was already towed off the reef. (Trial Tr. 23) Furthermore, the Court found that the Plaintiff did not discuss or disclose to the Natalita Defendants that it intended to treat the situation as a pure salvage situation and that it would be seeking compensation in accordance with general maritime law. (Trial Tr. 23.)

Id. Pursuant to this finding of bad faith, the Court concluded that the Natalita Defendants are "entitled to an award of attorneys' fees and costs for the litigation that proceeded after the date of the first offer of judgment." Order Adopting Report and Recommendation in Part and Referring for Further Recommendation in Part, (DE # 188, 7/1/09) at p. 5. The date of the first offer of judgment was July 3, 2008. Thus, the undersigned will address the appropriate amount of the fee award.

On December 3, 2009, the undersigned issued a Report and Recommendation (DE # 199) pursuant to the Order Adopting Report and Recommendation in Part and Referring for Further Recommendation in Part. The aforementioned Report and Recommendation inadvertently stated that the amount of fees incurred since July 3, 2008, was $423,308.25, instead of $129,377.25, and analyzed $423,308.25 in fees instead of analyzing $129,377.25 in fees. On December 21, 2009, Blue Water Marine Service, Inc. filed Objections to the undersigned's December 3, 2009, Report and

Recommendation. The objections asserted that the undersigned erred by awarding fees to the plaintiff based on the total amount of fees during the proceedings and not on the fees claimed since July 3, 2008. On December 23, 2009, Judge Huck entered an Order (DE # 201), converting the Objections filed by the plaintiff to a Motion for Reconsideration and referring the Motion for Reconsideration to the undersigned. On December 28, 2009, the undersigned issued an Order (DE # 202) requiring the defendants to respond to the Motion for Reconsideration on or before January 6, 2010. On January 6, 2010, the defendants filed a response (DE # 203). The response asserts that the undersigned did not err in the December 3, 2009, Report and Recommendation. Rather, according to the defendants, the undersigned, in the discretion afforded to him by the court to determine the amount of attorney's fees, determined that the Natalita defendants were entitled to $289,193.60 in fees pursuant to the bad faith of the plaintiff in the underlying litigation and the plaintiff's "vexatious conduct in failing to accept Defendants' reasonable settlement offers." Defendants' M/Y Natalita III's and Natalita III Limited's Response to Plaintiff's Objections [DE 200] to Magistrate's Report and Recommendations dated December 3, 2009 [DE 199], (DE # 203, 1/6/10) at p. 5. The proper amount of requested fees to be considered by the Court is, $129,377.25, the amount of fees accrued by the defendants since July 3, 2008.

### A) Amount of Fee Award

In calculating a reasonable attorney's award, the Court must consider the number of hours reasonably expended, together with the customary fee charged in this

community for similar community for similar legal services. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988); see also Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994). "These two figures are then multiplied together, resulting in a sum commonly referred to as the lodestar, which can be adjusted under certain circumstances, in order to reach a more appropriate attorney s fee." See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct.1933 (1983); Blum v. Stenson, 465 U.S. 886, 888, 104 S.Ct. 1541, 1544 (1984).

### I) Reasonableness

Pursuant to the lodestar equation, the Court must first determine whether the Natalita Defendants' requested fees are reasonable and proper. The undersigned must then evaluate the Natalita Defendants' requested fee for reasonableness with respect to the total number of hours expended by their counsel on the litigation. Blue Water challenges the hourly rates charged by the Natalita Defendants' lead counsel, Amber E. Ferry, Esq., and paralegals Tina Zeman ("paralegal Zeman") and Jocelyn Hernandez ("paralegal Hernandez") (DE # 192-2, 8/3/09). Blue Water further contends that the total number of hours expended in the action are unreasonable, excessive, redundant, and lack sufficient legal description as to allow the undersigned to determine whether the charges set forth in the billing statements are recoverable (DE # 192-2, 8/3/08). Blue Water also objects to the fees incurred by multiple attorneys. The undersigned will address the reasonableness of the requested hourly rates and hours expended respectively.

### a) Reasonable Hourly Rate

The Supreme Court has held that a reasonable hourly rate is to be measured by the "prevailing market rates in the relevant community." Blum, 465 U.S. at 895. The prevailing market rates are considered by looking at several factors such as: "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." Mallory v. Harkness, 923 F.Supp. 1546, 1555 (S.D. Fla. 1996) (citing Dillard v. City of Elba, 863 F.Supp. 1550, 1552 (M.D. Ala. 1993). The appropriate hourly rate may be determined by either analyzing any affidavits submitted into evidence by counsel, or if the affidavit is insufficient, by relying upon the court's expertise. Norman, 836 F.2d at 1303-04. According to Norman, "[l]egal skill may be a function of experience, but that is not always the case and it has no intrinsic value unless it is used to further the client's interest, which is to obtain a just result quickly and economically." Id. at 1300. Norman further recognized that "[a]t the beginning of a case skill is manifest in the kind of judgment shown in case assessment . . . evidenced by efforts where feasible to seek dispute resolution without litigation, or, if litigation appears necessary, by the decisions on theories to be included and parties to be sued." Id.

In their motion the Natalita Defendants request an award of $129,377.25[3], (DE #

---

[3]The Court notes the discrepancy between the amount set forth in the Motion and the amount reflected after adding the total amount of fees billed since July 3, 2008, as stated in the billing statements. The movants indicate a request for $129,377.25,

154, 9/2/08), for attorneys' fees for the work performed in connection with the instant litigation subsequent to July 3, 2008. Below is a chart reflecting the various attorneys and paralegals who incurred fees since July 3, 2008, on behalf of the Natalita Defendants, as indicated on Composite Exhibit D(5) to the Motion for Fees and Costs:

| Name | Title | Billable Rate | Hours Expended | Value |
|---|---|---|---|---|
| Michael T. Moore | Partner | $425.00 | 106.45 | $ 45,241.25 |
| Scott Wagner | Associate | $250.00 | 103.00 | $ 25,750.00 |
| Amber Ferry | Associate | $250.00 | 170.30 | $ 42,575.00 |
| John Curtis | Associate | $200.00 | 0.98 | $ 196.00 |
| Clay Naughton | Associate | $200.00 | 0.90 | $ 180.00 |
| Tina Zeman | Paralegal | $135.00 | 110.00 | $ 14,850.00 |
| Jocelyn Hernandez | Paralegal | $140.00 | 2.00 | $ 280.00 |
| Jesus Fernandez | Paralegal | $95.00 | 17.00 | $ 1,615.00 |
| Total | | | | $130,687.25 |

As the chart reflects, the Natalita Defendants request an hourly rate of $425.00 for Mr. Moore; $250.00 for associates Mr. Wagner and Ms. Ferry; $200.00 for associates Mr. Curtis and Mr. Naughton; $135.00 for paralegal Zeman; $140.00 for paralegal Hernandez and; $95.00 for paralegal Jesus Fernandez. Blue Water objects to some of these hourly rates asserting that an hourly rate of "$250.00 per hour for associates with little or no salvage experience is not proper . . . or a reasonable rate for attorneys with . . . limited experience in the Southern District of Florida." (DE # 192-2, 8/3/09). Similarly, Blue Water objects to paralegal Zeman's hourly rate on the grounds that $135.00 per hour for paralegal time is not customary nor supported in the South

---

and the undersigned's calculations find $130.687.25, a difference of $1,310.00.

Florida legal community for a paralegal working in a maritime firm. Id. Blue Water further objects to the $140.00 hourly rate for paralegal Hernandez as unreasonable. The Natalita Defendants submitted the affidavits of Michael R. Karcher, (DE #154, Exhibit L, 9/2/08), and Amber E. Ferry, (DE #193-2, 8/10/09) as evidence that the hourly rates requested by the Natalita Defendants are reasonable.

In support of the reasonableness of the attorneys' fees, the Natalita Defendants' fee expert, Mr. Karcher, asserts that an hourly rate of $425.00 for Mr. Moore is reasonable for his number of years of experience in maritime law litigation and his representation of owners of large yachts. Mr. Karcher further attests that the hourly rates of $250.00 for associates are reasonable for highly contested cases brought forth by owners of large yachts, who are represented by firms with considerable expertise in maritime law litigation. Mr. Karcher also asserts that the associates' rates are reasonable due to the complexity of the case and for the preparation time this case demanded. The undersigned notes that Mr. Karcher only referenced the reasonableness of Ms. Ferry's hourly rate and not the other associates. The undersigned further notes that Mr. Karcher did not attest to the reasonableness of the paralegals' fees.

In further support of their motion, the Natalita Defendants also submitted the affidavit of Amber E. Ferry, associate attorney at Moore & Company, P.A., who states that she was the lead counsel on the case and is familiar with all aspects of the litigation. Ms. Ferry has been a practicing attorney in Florida since October 2005 and a member of the Florida Bar and the United States District Courts for the Southern and

9

Middle Districts of Florida. Ms. Ferry began working as a law clerk during her second year of law school at the University of Miami. During her third year of law school, Ms. Ferry was hired as a law clerk, and eventually as an associate attorney, by a Miami-based firm that specialized in the practice of maritime law. During this two-year experience, Ms. Ferry asserts that she gained extensive litigation and maritime litigation experience (DE # 193-2, 8/10/09). In addition, the Natalita Defendants assert that Ms. Ferry took and excelled in the maritime law courses offered by her law school. The undersigned notes that Ms. Ferry did not attest as to the reasonableness of the other associates' fees and the paralegals' fees.

The undersigned finds that Mr. Moore's hourly rate of $425.00 is reasonable due to his years of experience and specialization in the field of maritime law litigation. The undersigned further finds that an hourly rate of $250.00 for associates with less than 5 years of experience in maritime law is unreasonable. Rather, an hourly rate of $200.00 for associates is reasonable and proper. Ms. Ferry's nearly 4-year experience in conjunction with her continuous efforts to further the Natalita Defendants interest to settle the instant litigation expeditiously and economically, and her exercise of judgment in assessing the case and strategizing the courses of action most favorable to her clients support the undersigned's conclusion. The Natalita Defendants, through Ms. Ferry, made two good faith Offers of Judgment in an attempt to settle the matter, Blue Water failed to consider the offers of judgment. Judge Huck found that Blue Water's failure to consider the offers constituted vexatious and unnecessary litigation behavior. (DE # 188, 7/1/09). Furthermore, Ms. Ferry memorialized in the billing statements,

submitted, (DE # 154:5-9, Composite Ex. D, 9/2/08): her strategies, legal theories and the steps taken to prepare for each filing made on behalf of the Natalita Defendants. Ms. Ferry's legal work as evidenced by her billing statements produced favorable results. The Natalita Defendants prevailed on various legal theories put forth during trial. See Hensley, 461 U.S. at 436 (finding that a critical factor to determine a fee award is the degree of success obtained); see also Pinto v. Princess Cruise Lines, 513 F. Supp. 2d 1334, 1342 (S.D. Fla. 2007) (recognizing that the amount recovered and the end result achieved are important factors to consider as it is an accounted benefit to the client)(citation omitted). The undersigned finds that these factors justify a $200.00 hourly rate for Ms. Ferry as well as the other associates.

The requested rates of $135.00 for paralegal Zeman and $140.00 for paralegal Hernandez are excessive in light of the lack of evidence to justify these requested hourly rates. Blue Water contends that the $135.00 hourly rate charged by paralegal Zeman is neither customary nor supported in the South Florida legal community for paralegals in maritime firms. Blue Water further contends that the $140.00 hourly rate requested for paralegal Hernandez is unreasonable. The undersigned notes that the affidavits submitted by the Natalita Defendants merely contain assertions attesting to a lodestar for the paralegals but it is not conclusive evidence that the paralegals' hourly rates are reasonable. See Godoy v. New River Pizza, Inc., 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 1998) (finding that the plaintiff failed to provide information or evidence to show that the paralegal hourly rate demanded was based on training or sufficient substance to justify the demanded fee). The affidavits attest to the paralegals' work

performed, and nothing suggests to the undersigned the nature of their paralegal training or experience. The billing records do not provide the undersigned with a detailed description of the substance of their work that would demand such hourly rates. Furthermore, the Natalita Defendants did not submit evidence that paralegals in maritime cases tried in South Florida customarily charge hourly rates between $135.00 and $140.00. The affidavits of Mr. Karcher and Ms. Ferry do not provide justifications for these paralegal fees. The undersigned finds that the Natalita Defendants have failed to carry their burden of showing that the claimed $135.00 and $140.00 hourly rates for paralegals Zeman and Hernandez, respectively, are reasonable for this legal market.

Finally, the undersigned further notes that some billed paralegal work performed are secretarial in nature. The Supreme Court has cautioned that purely clerical or secretarial tasks should not be billed at a paralegal rate. See Missouri v. Jenkins, 491 U.S. 274, 288 n.10, 109 S. Ct. 2463, 105 L. Ed. 2d. 229 (1989). Even though the work performed by paralegals Zeman, Hernandez and Fernandez were necessary to assist counsel in this litigation, some are secretarial or administrative in nature and will be discussed later in this Report. The undersigned finds that an hourly rate of $95.00 per hour for the paralegal services rendered in this case is appropriate.

### b) Hours Reasonable Expended

Once the lodestar is determined, the undersigned must then evaluate the Natalita Defendants' requested fee for reasonableness in terms of the total hours

expended by their counsel. This evaluation focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted). The total amount of attorneys' fees requested for the work performed after July 3, 2008, is $129,377.25. The Natalita Defendants support their motion by submitting itemized billing records and the affidavit of Ms. Ferry. The itemized billing records detail a combined total of 510.63 hours since July 3, 2008, resulting in $129,377.25[4] in attorneys' fees. Ms. Ferry attests to the work performed on specific dates.

1. Multiple Attorneys and Attorney Conferences

Blue Water objects to the amount of requested attorneys' fees. Blue Water's arguments are based on various premises. First, Blue Water objects to the requested fee amount on the ground that it is unreasonable to have so many lawyers employed and paid to try this case. The Eleventh Circuit has recognized, however, that there is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each attorney. Norman, 836 F.2d 1292, 1302, citing Johnson v. University College of University of Alabama in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983). Second, Blue Water objects to the requested fees charged for attorney conferences between Ms. Ferry, Mr. Moore and Mr. Wagner. Blue Water contends that this is an example of over lawyering the case (DE # 192-2,

---

[4] See Footnote 3 above regarding the addition discrepancy.

8/3/09). However, "time spent in attorney conference is generally compensable for each participant." American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County, 278 F.Supp.2d 1301, 1315 (M.D. Fla. 2003), citing National Ass'n of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1337 (D.C. Cir. 1982); see also Review Publications, Inc. v. Navarro, 1991 WL 252962 (S.D. Fla. 1991). Therefore, the Court finds that the Natalita Defendants are entitled to recover attorneys' fees for each of their attorneys and for the time the attorneys spent meeting with each other to strategize their case, subject to the recommended reductions outlined below.

2. Billing Entries: Insufficiently Detailed, Redundant and Duplicated

Blue Water's third argument is based on its assertions that the amount of hours charged are unreasonable, excessive, redundant, and lack sufficient legal description to allow this Court to ascertain whether the charges set forth in the billing statements are recoverable. The moving party on a motion for attorney's fees must show that they exercised billing judgment, excluding from their fee any "excessive, redundant, or otherwise unnecessary" hours. Norman, 836 F.2d at 1301 (citing Hensley, 461 U.S. at 434). The exclusion of excessive or unnecessary hours worked on the litigation is left to the discretion of the district court. Norman, 836, F.2d at 1301. This Court must exercise independent judgment when reviewing a claim for hours reasonably expended. Id. at 1301-02. Attorneys have been cautioned to maintain contemporaneous, complete and standardized time records which reflect the work done by each attorney.  See National Ass'n. of Concerned Veterans, 675 F.2d at 1327. It is necessary for attorneys to identify the subject matter of their time expenditures. Hensley, 461 U.S. at 437. If there

is inadequate documentation or if the Court finds a claim for hours to be "excessive or unnecessary," the Court may reduce the number of hours for which fees will be awarded. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985).

Because the fees requested are voluminous, this Court is not required to engage in an hour-by-hour analysis. Loranger, 10 F.3d at 783; Trujillo v. Banco Central del Ecuador, 229 F. Supp. 1369, 1375 (S.D. Fla. 2002); cf. Norman, 836 F.2d at 1301. "[I]t is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction." Loranger, 10 F.3d at 783. The rule in Loranger differs from the rule articulated in Norman. See Trujillo, 229 F. Supp. at 1375. "The earlier decision in Norman requires the district court to specifically identify any disallowed, non-compensable hours, and to further explain why the hours are being disallowed." Id. (citing Norman, 836 F. 2d at 1304).

Reductions in the amount of the requested fees are warranted. There is a considerable amount of insufficiently detailed billing entries, which makes it difficult for the undersigned to ascertain whether the time spent on those given tasks is reasonable or recoverable. There are also paralegal charges for secretarial tasks. The billing statements also show some duplicated entries and redundant billing entries of work performed by more than one attorney. The undersigned recommends specific reductions for duplicated and redundant billing entries and then recommends a further percentage reduction for insufficiently detailed billing entries and secretarial tasks.

### a. Redundant and Duplicated Entries

The Court notes there are a series of redundant billing entries. These entries include worked performed by Mr. Moore between July 7, 2008, and July 14, 2008, to review the work that had already been done by Mr. Wagner. Specifically, on July 7, 2008, Mr. Wagner billed 2.50 hours for the response to the Motion for Summary Judgment and 1.00 hour for the response to the Motion to Dismiss. On the same day, Mr. Moore billed 1.10 hours for the review of the response to the Motion for Summary Judgment and the review of the response to the Motion to Dismiss, etc., and 1.10 additional hours for the review of the response to the Motion to Dismiss, etc. On July 12, 2008, Mr. Moore billed another 1.10 hours to prepare for Motions to Dismiss and Motions for Summary Judgment, etc. The hours billed by Mr. Moore should be reduced by 3.30 hours for the time spent reviewing the work done by Mr. Wager. The undersigned also notes that on July 11, 2008, Mr. Moore billed 1.80 hours for preparing for the hearing on the Motion for Summary Judgment and the Motions to Dismiss, etc., and on July 14, 2008, billed 0.80 hours for preparing for the hearing on Motion for Summary Judgment. The hours billed by Mr. Moore should be reduced further by 0.80 hours for the duplicative time billed in preparing for the hearing. Accordingly, Mr. Moore's billed hours should be reduced by a total of 4.10 hours from 106.45 to 102.35 for a total of **$43,498.75** at a rate of $425.00 per hour.

The billing records do not show redundant and duplicative entries for work performed by Mr. Wagner after the July 3, 2008, date. Accordingly, the undersigned finds that no reduction in the amount of hours for Mr. Wagner is warranted and the

movant should be awarded 103.00 hours at $200.00 per hour for the work performed by Mr. Wagner for a total of **$20,600.00**.

The undersigned finds that Ms. Ferry, by affidavit, has established that the total hours of 170.30 for her work performed since July 3, 2008, as the lead counsel in the instant litigation, is reasonable. Accordingly, having reduced Ms. Ferry's hourly rate to $200.00, the total amount of fees awarded for her work should be reduced to **$34,060.00**.

### b. Insufficiently Detailed

The Court notes that there are several billing entries which are not sufficiently detailed to allow the Court to ascertain whether the time spent on the given task is reasonable or recoverable. The entries are numerous, however, the most notable to the undersigned are those time entries which total 189.60 hours for trial preparation, for the dates between July 20, 2008, and July 30, 2008. This total number of hours reflects the billing entries of Mr. Moore, Mr. Wagner, Ms. Ferry, and paralegal Zeman.  These entries provide no explanation as to what the work performed entailed.  There are also paralegal charges for administrative and secretarial tasks for which the Natalita Defendants should not be entitled to recover fees. These tasks include updating the agenda and calendar and requesting checks.  Accordingly, the undersigned finds that because tasks such as updating the agenda and calendar and requesting checks, are tasks secretarial in nature, the paralegal time should be reduced for these billing entries.  Because these tasks are listed in block billing entries combined with other billing entries that were not secretarial in nature, it is difficult to determine exactly how

many paralegal hours were charged for administrative tasks.  The undersigned finds that the total billed hours for paralegals should be reduced by 20%. The undersigned recommends that the total amount of attorneys' fees after the previously recommended reductions should be reduced by 20%.  Prior to the overall 20% reduction, the undersigned recommends that the Natalita Defendants should be awarded:

1. 102.35 hours at $425.00 per hour for Mr. Moore for a total of $43,498.75;
2. 103.00 hours at $200.00 per hour for Mr. Wagner for a total of $20,600.00;
3. 170.30 hours at $200.00 per hour for Ms. Ferry for a total of $34,060.00;
4. 0.98 hours at $200.00 per hour for Mr. Curtis for a total of $196.00;
5. 0.90 hours at $200.00 for Mr. Naughton for a total of $180.00;
6. 110.00 hours at $95.00 for paralegal Zeman for a total of $10,450.00;
7. 2.00 hours at $95.00 for paralegal Hernandez for a total of $190.00; and
8. 17.00 hours at $95.00 for paralegal Fernandez for a total of $1,615.00.

The total recommended award for attorneys' fees, prior to the overall 20% reduction, is $110,789.75. Applying the 20% reduction to the $110,789.75, results in a recommended award of $88,631.80.

## RECOMMENDATION

For all the foregoing reasons, the undersigned recommends that: The Defendants M/Y Natalita III's and Natalita III Limited's Motion for Attorney's Fees and Incorporated Memorandum of Law (DE # 154, 9/2/08) for the fees incurred since July 3, 2008, be GRANTED in part and DENIED in part and the Natalita Defendants be awarded $88,631.80 in fees.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul Huck, United States District Court Judge. Failure to file objections

timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED, in Chambers, at Miami, Florida, this 2nd day of February, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Huck
All Counsel of Record